# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
May 13, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

## CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. 21-2250M | Date May 13, 2021 |
| Title United States v. Verdugo | |

Present: The Honorable Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Government: | Attorneys Present for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER OF DETENTION

The Court conducted a detention hearing on:

☒ The motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving: a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ The motion of the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving: a serious risk that the defendant will flee.

☒ The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2-3)].

☒ The Court finds that the defendant ☒ has ☐ has not rebutted the presumption under 18 U.S.C. § 3142(e)(2-3) by sufficient evidence to the contrary.

\* \* \*

The Court finds that no condition or combination of conditions will reasonably assure:
☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 21-2250M | Date | May 13, 2021 |
|---|---|---|---|
| Title | United States v. Verdugo | | |

The Court bases its findings on the following [18 U.S.C. § 3142(g)]:

- ☒ Nature and circumstances of offense charged
- ☒ Weight of known evidence against defendant (actual possession of large amount of fentanyl)
- ☒ Lack of adequate bail resources (beyond mother's offer)
- ☐ No stable residence, employment, or community ties
- ☐ Ties to foreign countries
- ☐ Substance abuse
- ☒ Nature of previous criminal convictions
- ☐ Previous failure to appear or violations of probation, parole, or release
- ☐ Already in custody on state or federal offense
- ☐ Refusal to interview with Pretrial Services or verify information
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2-3)]
- ☒ Allegation that current offense committed shortly after release from state custody and while on parole

☐ Defendant did not oppose the detention request.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the evidence presented at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]